10-1280-cv
Norman Morey v. Somers Central School District, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
           RICHARD C. WESLEY
           GERARD E. LYNCH,
                              *Circuit Judges*

------------------------------------------------------------------

NORMAN MOREY,
                              *Plaintiff-Appellant,*

            v.                                    No. 10-1280-cv

SOMERS CENTRAL SCHOOL DISTRICT; JOANNE MARIEN, Superintendent of Schools; KENNETH CROWLEY, Assistant Superintendent for Business, sued in their individual capacities.
                              *Defendants - Appellees.*

-----------------------------------------------------------------------

FOR APPELLANT:      STEPHEN BERGSTEIN (Christopher D. Watkins, *on the brief*), Bergstein & Ullrich, LLP, Chester, New York.

FOR APPELLEES:      LEWIS R. SILVERMAN, Rutherford & Christie, LLP, New York, New York.

        Appeal from the United States District Court for the Southern District of New York

(Paul G. Gardephe, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Norman Morey appeals from a judgment of the district court granting defendants' motion for summary judgment on Morey's First Amendment retaliation claim. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues raised on appeal.

"We review the District Court's grant of summary judgment de novo." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005). Summary judgment is appropriate "only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005), citing Fed. R. Civ. P. 56(c).

For a government employee's speech to be protected by the First Amendment, that speech must not have been made pursuant to the employee's official duties. See Garcetti v. Ceballos, 547 U.S. 410, 421 (2006); Weintraub v. Bd. of Educ., 593 F.3d 196, 201 (2d Cir. 2010). Speech can be made "pursuant to a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." Id. at 203 (internal quotation marks omitted).

The district court correctly concluded that, on the evidence of record, any reasonable jury would be required to find that Morey's speech was made pursuant to his official duties. As head custodian, Morey was responsible for overseeing the general cleaning and upkeep of the school building. Indeed, he first became aware of the fallen insulation in the

2

gymnasium because it was his duty to clean up the mess and report the potential safety hazard to the Superintendent of Buildings.  As in Weintraub, the conclusion that Morey spoke pursuant to his duties as head custodian is confirmed by the fact that he never publicly voiced his concerns about potential asbestos contamination.  Rather, he pursued exclusively internal channels "for which there is no relevant citizen analogue."  Id. at 203.

That Morey continued to press his concerns about asbestos contamination, even after supervisors told him to leave the matter alone, does not change our analysis.  As this court has recently noted, "[w]hen a government employee concededly engages in speech pursuant to his official duties, the fact that he persists in such speech after a supervisor has told him to stop does not, without more, transform his speech into protected speech made as a private citizen."  Anemone v. Metropolitan Transp. Auth., No. 08-2646-cv, 2011 WL 9376, at *18 (2d Cir. Jan. 4, 2011).

Because it is beyond dispute that Morey's speech was made pursuant to his official duties as head custodian, his claim that the First Amendment protected him from retaliation must fail.  Accordingly, the District Court did not err in granting summary judgment for defendants.

For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court